## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:16-CV-03844-ELR |
| v. | ) | |
| | ) | |
| MARY CAROLE COONEY, in her official | ) | |
| capacity as Chairperson of the Fulton | ) | |
| County Board of Registration and Elections; | ) | |
| DAVID J. BURGE, in his official capacity as | ) | |
| Vice-Chair of the Fulton County Board of | ) | |
| Registration and Elections; LUTHER W. | ) | |
| BECK, RUKIYA S. THOMAS, and STAN | ) | |
| MATARAZZO, in their official capacities as | ) | |
| Members of the Fulton County Board of | ) | |
| Registration and Elections; and RICHARD | ) | |
| BARRON, in his official capacity as Chief | ) | |
| Administrator to the Fulton County Board | ) | |
| of Registration and Elections, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
## FOR DECLARATORY JUDGMENT AND  INJUNCTIVE RELIEF

**COME NOW,** Mary Carole Cooney, David J. Burge, Luther W. Beck

Rukiya S. Thomas, Stan Matarazzo, and Richard Barron, in their capacity as

members of the Fulton County Board of Registration and Elections, (collectively

"Defendants" or "the Board"), and file this Answer and Affirmative Defenses in response to the Complaint for Declaratory Judgment and Injunctive Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks a clear legal right to the relief sought.

### FOURTH DEFENSE

Defendants reserve the right to rely upon any additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIFTH DEFENSE

Defendants have not breached any official duty or any duty created under the Constitution of the United States compelling them to act with regard to the events allegedly giving rise to the Plaintiff's claim.

## SIXTH DEFENSE

Defendants' compliance with Georgia law, with respect to the City of South Fulton Referendum, is being carried out in good faith, without malice, spite or conscious disregard of Plaintiff's rights, if any.

## SEVENTH DEFENSE

Defendants have not subjected Plaintiff to the deprivation of any rights, due process, equal protection, privileges or immunities afforded by the Constitution of the United States.

## EIGHTH DEFENSE

Defendants have no legal responsibility for the content of Georgia House Bill 514 or the content of any state statutes.

## NINTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint below.

## ANSWER

### THE PARTIES

**Plaintiff**

1.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 1 of Plaintiff's Complaint.

**Defendants**

2.

a.      Defendants admit that Mary Carole Cooney is a member and Chairperson of the Board of Registration and Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

b.      Defendants admit that David J. Burge is a member of the Board of Registration and Elections.  He is not Vice-Chair of the Board of Registration and

Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

c.      Defendants admit that Luther W. Beck is a member of the Board of Registration and Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

d.      Defendants admit that Rukiya S. Thomas is a member of the Board of Registration and Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

e.      Defendants admit that Stan Matarazzo is a member of the Board of Registration and Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

f.      Defendants admit that Richard Barron is the Director of the Fulton County Department of Registration and Elections.  The remainder of this paragraph appears to be a statement of law not requiring a response.

## JURISDICTION AND VENUE

3.

Admitted.

4.

Admitted.

## FACTS COMMON TO ALL COUNTS

5.

Admitted.

6.

Plaintiff has cited state law that speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

7.

Admitted.

8.

Admitted.

9.

Admitted.

10.

Admitted.

11.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of his claims.  As such, no response is required.

**House Bill 514 and the Potential City of South Fulton**

12.

Admitted.

13.

Admitted.

14.

HB 514 speaks for itself as to content and legal effect.

15.

HB 514 speaks for itself as to content and legal effect.

16.

HB 514 speaks for itself as to content and legal effect.

17.

HB 514 speaks for itself as to content and legal effect.

18.

HB 514 speaks for itself as to content and legal effect.

19.

The referenced opinion speaks for itself as to content and legal effect.

20.

The Georgia Constitution speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

21.

HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

22.

The ballot and HB both speak for themselves as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

**Disputed Cascade Area Annexations**

23.

Admitted.

24.

Admitted.

25.

Admitted.

26.

Admitted.

27.

Admitted.

28.

Admitted.

29.

Admitted.

30.

Admitted.

31.

Admitted.

32.

The ballot and HB both speak for themselves as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

## The November 2016 Election

33.

Admitted.

34.

Admitted.

35.

Admitted.

36.

Admitted.

37.

Admitted.

**HB 514 and the City of South Fulton Referendum Will Deprive Plaintiff of His Right to Vote and Have His Vote Counted Equally, and HB 514 and the Referendum Ballot Fail to Adequately Inform Voters about the Topic on Which They are Voting**

38.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of his claims.  As such, no response is required.

39.

Admitted.

40.

Admitted.

41.

Admitted.

42.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of his claims.  As such, no response is required.

43.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

Admitted.

45.

Admitted.

46.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of his claims.  As such, no response is required.

47.

The ballot speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

48.

Admitted.

49.

The ballot speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

50.

The ballot speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

51.

The text of HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

52.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 56 of Plaintiff's Complaint.

**Postponing the City of South Fulton Referendum is Necessary and Expressly Provided for in HB 514**

57.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.

Denied.

60.

That the text of HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

61.

This paragraph sets forth Plaintiff's contentions and request for relief, and as such, requires no admission or denial

62.

Denied.

## COUNT 1: VIOLATION OF EQUAL PROTECTION OF THE LAW

63.

Defendants incorporate by reference all of their defenses set forth above as if fully set forth herein.

64.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

65.

The United States Constitution speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

66.

The case law speaks for itself and this paragraph appears to be a statement of law not requiring a response.

14

67.

The case law speaks for itself and this paragraph appears to be a statement of law not requiring a response.

68.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

69.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Denied.

75.

Denied.

76.

Denied.

77.

The text of HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

## COUNT 2: VIOLATION OF SUSTANTIVE DUE PROCESS OF LAW

78.

Defendants incorporate by reference all of their defenses set forth above as if fully set forth herein.

79.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

80.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

81.

The case law speaks for itself and this paragraph appears to be a statement of law not requiring a response.

82.

This paragraph appears to be a statement of law not requiring a response.  To the extent a response is required, this paragraph is denied.

83.

The ballot speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

84.

The ballot speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

85.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

86.

This paragraph is a legal conclusion and Plaintiff's contentions as to the nature of this action, and as such, requires no admission or denial.

87.

The text of HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

88.

Defendants are without knowledge sufficient to establish the truthfulness of the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.

Denied.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

94.

Denied.

95.

The text of HB 514 speaks for itself as to content and legal effect and this paragraph appears to be a statement of law not requiring a response.

**WHEREFORE**, Defendants ask the Court to:

(a) Find that HB 514 is in compliance with the Georgia constitution.

(b) Deny Plaintiff's request to enjoin the referendum.

(c) Deny Plaintiff's request for attorney's fees.

(d) Award any other and further relief that the court deems proper.

Respectfully submitted,

**OFFICE OF THE**
**COUNTY ATTORNEY**
**Patrise Perkins-Hooker**

**s/Kaye Burwell**
Georgia Bar Number:   775060
Attorney for Fulton County, Georgia
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246
kaye.burwell@fultoncountyga.gov

**s/ Cheryl Ringer**
Georgia Bar Number: 557420
Attorney for Fulton County, Georgia
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246
david.lowman@fultoncountyga.gov


**s/David R. Lowman**
Georgia Bar Number: 460298
Attorney for Fulton County, Georgia
Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246
david.lowman@fultoncountyga.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN DAVIS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:16-CV-03844-ELR |
| v. ) | |
| ) | |
| MARY CAROLE COONEY, in her official ) | |
| capacity as Chairperson of the Fulton ) | |
| County Board of Registration and Elections; ) | |
| DAVID J. BURGE, in his official capacity as ) | |
| Vice-Chair of the Fulton County Board of ) | |
| Registration and Elections; LUTHER W. ) | |
| BECK, RUKIYA S. THOMAS, and STAN ) | |
| MATARAZZO, in their official capacities as ) | |
| Members of the Fulton County Board of ) | |
| Registration and Elections; and RICHARD ) | |
| BARRON, in his official capacity as Chief ) | |
| Administrator to the Fulton County Board ) | |
| of Registration and Elections, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1

I hereby certify that Defendants Answer to Plaintiff's Verified Complaint for

Declaratory Judgment and Injunctive Relief has been prepared using 14-point

Times New Roman and is in the format required by LR 5.1. Further, I certify that a

copy of this pleading has been filed electronically with the Clerk of Court using the

CM/ECF system which will send notification of the filing to the following named

attorney of record:  Robert S. Highsmith, Jr. (for Plaintiff).

**s/David R. Lowman**
Georgia Bar Number:
Attorney for Fulton County, Georgia

Office of the County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246
david.lowman@fultoncountyga.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>MARY CAROLE COONEY, in her official capacity as Chairperson of the Fulton County Board of Registration and Elections; DAVID J. BURGE, in his official capacity as Vice-Chair of the Fulton County Board of Registration and Elections; LUTHER W. BECK, RUKIYA S. THOMAS, and STAN MATARAZZO, in their official capacities as Members of the Fulton County Board of Registration and Elections; and RICHARD BARRON, in his official capacity as Chief Administrator to the Fulton County Board of Registration and Elections,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION FILE NO.<br>1:16-CV-03844-ELR |

## VERIFICATION

I, Richard Barron, Director of Registration and Elections, Fulton County, Georgia, have read, reviewed and acknowledge that all the Answer and Defenses contained herein are true and accurate to the best of my knowledge, information and belief.

## (SIGNATURE ON THE FOLLOWING PAGE)

_____
Richard Barron, Director
Registration and Elections
Fulton County, Georgia

Sworn to and subscribed before me
this ____4th____ day of November, 2016.

_____
NOTARY PUBLIC

____7 - 11 - 2020____
MY COMMISSION EXPIRES

OFFICIAL SEAL
JENE GIPSON
Notary Public, Georgia
FULTON COUNTY
My Commission Expires
July 11, 2020